PARK *v.* HUTCHINSON.

Opinion delivered October 1, 1906.

SET-OFF OF JUDGMENT—PRIORITY OVER ATTORNEY'S LIEN.—Where one, holding judgment against another, moves to have it set off against a judgment against himself in the other's favor, his right thereto will not be defeated by a lien of the other's attorney subsequently filed on the latter judgment.

Appeal from Howard Chancery Court; *James D. Shaver,* Chancellor; reversed.

Park brought ejectment against Hutchinson and wife to recover land conveyed to him by them. The cause was transferred to equity on defendants' cross-complaint, asking that the deed to plaintiff be removed as a cloud on their title. Plaintiff recovered, and defendants appealed. The cause on former appeal was reversed with directions to cancel plaintiff's deed, on repayment of taxes paid by plaintiff. *Hutchinson* v. *Park,* 72 Ark. 509.

When the cause came up for hearing after the mandate of this court was filed, it was agreed as follows:

"It is agreed and stipulated by and between the parties that the defendant, Sam Hutchinson, is indebted to D. B. Sain, his attorney in this cause, who represented him throughout this litigation instituted by the plaintiff, Sam P. Park, in the sum of $100 for the said services of the said D. B. Sain in representing the said Sam Hutchinson in this action, and that no part thereof has been paid.

"It is further agreed that the plaintiff, Sam P. Park, recovered a judgment at law in the Howard Circuit Court on the 11th day of February, 1902, against Sam Hutchinson, who is defendant in this action, for the sum of $1,540.93 and costs of the action. That said judgment is valid, and has not been paid in whole or in part. That after the rendition of the decree for $75

in favor of Sam Hutchinson and against the plaintiff, Sam P. Park, in this action for rents, less taxes, and before any lien had been filed by D. B. Sain, attorney for the said Sam Hutchinson in this cause, the said Sam P. Park filed his motion herein, asking that the court set off so much of the said judgment for $1,540.93 as would amount to the judgment rendered in this cause against Sam P. Park it favor of said Sam Hutchinson. That at the time of the recording of the decree herein for $75 the said D. B. Sain, attorney for the said Sam Hutchinson in this cause, filed his lien on the said judgment of $75 for rent adjudged in this cause against the said Sam P. Park in favor of said Sam Hutchinson, which lien was for a fee of $100 in this case. That said lien was filed at the same term of this court at which the said judgment for $75 was rendered against Sam P. Park, and that plaintiff, Sam P. Park, had no notice thereof except his general knowledge of the fact that D. B. Sain represented the defendant Sam Hutchinson in this action."

It appears from the transcript that the judgment in favor of Hutchinson for $75 was rendered several days before it was recorded.

The chancellor refused to permit plaintiff to offset his judgment because the claim of D. B. Sain, Esq., was paramount. Plaintiff has appealed.

*W. C. Rodgers,* for appellant.

1. The chancery court had no jurisdiction to render a judgment for rent. The right to recover for rent is at law, and, the remedy at law being complete, equity will not take cognizance of it. 1 Ark. 31; 7 Ark. 520; 14 Ark. 339; 70 Ark. 432; 26 Ark. 649; 27 Ark. 77; *Ib.* 157; 67 Ark. 413; 74 Ark. 421; 48 Ark. 331. See, also, 40 Ark. 155; 47 Ark. 235; 70 Ark. 432.

2. A tenant can not dispute the title of his landlord. 1 Ark. 480; 9 Ark. 328; 20 Ark. 547; 31 Ark. 470; 33 Ark. 536; 39 Ark. 135. He must first surrender possession to the landlord. 28 Ark. 153; 43 Ark. 28; 64 Ark. 453.

3. Appellant's right to offset is conferred by statute. Kirby's Digest, § 6238. His right to set off accrued so soon as his motion to that end was filed. A subsequently filed attorney's lien can not defeat it.

*D. B. Sain,* for appellee.

1. Chancery, having acquired jurisdiction for one purpose, will retain jurisdiction for the purpose of setting all rights between the parties growing out of and connected with the subject-matter, whether legal or equitable, so as to do complete justice. 37 Ark. 286; 34 Ark. 410; 30 Ark. 278; 52 Ark. 411; 15 Ark. 24; 14 Ark. 50.

2. When the statute has been complied with, the attorney's lien can not be defeated. 36 Ark. 591; 33 Ark. 233; 42 Ark. 402; 90 S. W. 1041.

HILL, C. J. This is the second appeal in this case. In the former appeal the cause was remanded to cancel the deed from Hutchinson to Park on payment of the taxes expended by Park. *Hutchinson* v. *Park,* 72 Ark. 509. On the remand it was shown that Hutchinson was unable to give a supersedeas bond, and that, rather than surrender possession to Park, he had paid rent to Park pending the appeal. The court found Park indebted to Hutchinson $100 on this account, and deducted $25 for taxes paid, 'and gave judgment for $75 in favor of Hutchinson against Park, and canceled the deed. Park recovered in 1902 a judgment against Hutchinson for $1,540.93, and asked to offset this judgment against him, *pro tanto,* against that one under sec. 6238, Kirby's Digest. Mr. D. B. Sain represented Hutchinson in the litigation, and became entitled to $100 as a fee, and, immediately upon the entry of the judgment in favor of Hutchinson against Park, Sain asserted his lien upon it under § 4462, Kirby's Digest. The court refused to permit the judgment to be offset, owing to the attorney's lien.

Appellant contends that the chancery court in this case did not have jurisdiction to do anything except enter judgment cancelling the deed upon the repayment of the taxes, and that the demand asserted was purely a legal one, enforceable at law, but not a subject of litigation in this case. Appellee contends that equity, having taken jurisdiction for one purpose, is competent to adjust all matters—legal or equitable—growing out of the transaction. This question is not important to the litigants, as the rent is due, whether in law or in equity. The point of importance to them is whether the attorney's lien on the judgment prevents it being offset.

Park had recovered his judgment some years prior to this, and it was in full force when the court gave this jugdment against him. He at once sought the offset, and at that time Sain had no lien upon the judgment, and Park had no knowledge of his claim upon the judgment. Sain acted within the time prescribed by statute, and preserved his lien against Hutchinson, but did his subsequently created lien defeat the right of offset? Park and Sain were creditors of Hutchinson; Park put his debt into a judgment which, *proprio vigore,* carries certain rights; a lien upon real estate, a lien through execution upon personalty, and the right to use it as an offset against a contrary judgment. Park perfected this right before Sain established any rights. Sain also had certain rights against his client, but they had to be worked out through the judgment in favor of his client. The fact that his client failed to pay him his fee should not give his client's judgment immunity from offset. To defeat the right of offset given by statute, the debtor can fail to pay his attorney, and then his attorney his a right to prevent the judgment then acquired being used in liquidation of a prior judgment wherein the judgment creditor is the judgment debtor. This will not be tolerated in the law. This is not a question of an assignment of part of a judgment under § 4457, Kirby's Digest. An attorney's lien filed after the right to offset the judgment with a prior one has accrued can not defeat such offsetting. The decree is reversed. and cause remanded with directions to permit the offset as prayed.